IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HENRY FOSTER MCGUIRE, JR.,

    Petitioner,

v.                                           No. 1:18-cv-01166-JDB-jay
                                              Re: 1:17-cr-10010-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 24, 2018, Petitioner, Henry Foster McGuire, Jr., filed a pro s*e* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) He subsequently filed a motion styled "Motion to Vacate and Resentence Without the 924(e) Enhancement Due to Sessions v. Dimaya and for a 2 Level Sentence Reduction Due to Amendment 782." (D.E. 4.) The Court construed the motion, in part, as a supplemental § 2255 claim. On or about August 16, 2019, the Court entered an order, which was mailed to the inmate at the address listed on the docket. (D.E. 11.) The order was returned on September 3, 2019, bearing the notation "not here."[1] (D.E. 13.) On September 4, 2019, the Court ordered Petitioner to show cause within twenty-eight days why the Petition and the action should not be dismissed for lack of prosecution. (D.E. 14.)

---

[1] On August 24, 2019, Respondent, the United States of America, filed its response. (D.E. 12.) Petitioner did not file a reply, although he was allowed to do so.

To date, Petitioner has not responded to the show cause order, and the time for doing so has passed. Accordingly, the Petition is DISMISSED and judgment SHALL be entered for Respondent.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack,* 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would

not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 3rd day of October 2019.

                                                          s/ J. DANIEL BREEN
                                                          UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.