IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HENRY FOSTER MCGUIRE, JR.,

    Petitioner,

v.                                          No. 1:18-cv-01166-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER CONSTRUING MOTION FOR EXTENSION OF TIME
AS MOTION FOR RECONSIDERATION,
GRANTING MOTION FOR RECONSIDERATION,
VACATING JUDGMENT AND ORDER OF DISMISSAL,
DIRECTING CLERK TO UPDATE DOCKET,
AND
SETTING TIME FOR SUBMISSION OF REPLY

Before the Court is the post-judgment motion of Petitioner, Henry Foster McGuire, Jr., for an extension of time to file a reply in support of his 28 U.S.C. § 2255 motion (the "Petition"). (Docket Entry ("D.E.") 19.) Because the inmate placed the document in the prison mail system within twenty-eight days of entry of the judgment, the Court construes it as a motion for reconsideration, as well as a request for permission to file an out-of-time reply should reconsideration be granted.[1] *See Moody v. Pepsi-Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir. 1990) ("Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no

---

[1] The motion's certificate of service states that Petitioner placed the document in the prison mail system on the "9th day of September 2019." (D.E. 19.) The reference to September appears to be a typographical error. Petitioner alleges in the motion that he received the response on September 30, 2019, the handwritten date "10-9-19" appears next to his signature on the certificate of service, the same October date is found on his cover letter (D.E. 19-1), and the postmark on the envelope bears the date "10 October 2019" (D.E. 19-2).

later than 28 days after the entry of judgment."). For the following reasons, the motion is GRANTED, the dismissal order and judgment are VACATED, and Petitioner is GRANTED leave to file a reply.

The purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law. *Romero-Vargas v. Shalala*, 907 F. Supp. 1128, 1135 (N.D. Ohio 1995). Such a motion "should not," however, "be used to re-litigate issues previously considered." *Am. Marietta Corp. v. Essroc Cement Corp.,* 59 F. App'x 668, 671 (6th Cir. 2003).

At the time the Petition was filed, the Clerk recorded McGuire's address as the federal detention facility in Adelanto, California. By order dated March 28, 2019, the Court directed Respondent, the United States of America, to respond to the Petition. (D.E. 8.) Petitioner was allowed twenty-eight days from service of the response to file a reply, and he was advised that he could request an extension of time if he did so by the due date of the reply. The Government filed its response on August 24, 2019. (D.E. 12.) Although Petitioner had until September 23, 2019, to file a reply or a motion for an extension of time to submit a reply, he did not do so.

On or about August 16, 2019, the Clerk mailed a copy of an order entered in this matter to the Petitioner at the Adelanto address, which was still recorded on the docket as the inmate's place of incarceration. The order was returned to the Clerk on September 3, 2019, bearing the notation "not here." (D.E. 13.) On September 4, 2019, McGuire was ordered to show cause, within twenty-eight days, why the case should not be dismissed for his failure to keep the Court apprised of his whereabouts. (D.E. 14.) He was warned that failure to comply with the order would result in dismissal of the Petition and this action without further notice pursuant Rule 41(b) of the Federal Rules of Civil Procedure.

Because the inmate did not respond to the show-cause order, the Court dismissed the Petition for his failure to comply with the Court's order and for want of prosecution. (D.E. 16.) Judgment for Respondent was entered on October 4, 2019. (D.E. 17.) The dismissal order and a copy of the judgment were mailed to McGuire, but they were returned to the Clerk as "not deliverable." (D.E. 18, 20.)

The motion now pending before the Court was received by the Clerk on October 15, 2019. In the document, Petitioner alleges that his transfer to another prison facility delayed his receipt of the response until September 30, 2019, and he requests that the Court allow him some unspecified amount of additional time to file a reply.

The Court accepts Petitioner's allegations that, through no fault of his own, he received the response about a month after it was filed. There is nothing in the record to contradict the allegation, and Respondent has not contested the assertion or otherwise opposed the motion. Granted, the delayed receipt of the response does not account for Petitioner's continuing failure to notify the Clerk of his current address. Nevertheless, had the undersigned been apprised of the new facts, a dismissal order based, in part, on Petitioner's failure to prosecute this action might not have been issued. Accordingly, the motion for reconsideration is GRANTED, the dismissal order and judgment are VACATED, and Petitioner is allowed twenty-eight days from entry of this order to file a reply.

The Clerk is DIRECTED to change Petitioner's address on the docket to reflect the return address that appears on the envelope accompanying his motion. McGuire is advised that he must file a notice of change of address with the Clerk every time his address changes, and that it is not the Clerk's duty to update his address based on the return address appearing on his envelopes. He

3

is further warned that any failure in the future to notify the Clerk of an address change will result in summary dismissal of his Petition and the case without notice.

IT IS SO ORDERED this 7th day of April 2020.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE