IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


HENRY FOSTER MCGUIRE, JR.,

    Petitioner,

v.                                     No. 1:18-cv-01166-JDB-jay
                                         Re: 1:17-cr-10010-JDB-1
                                         Re: 1:17-cr-10071-JDB-1

UNITED STATES OF AMERICA,

    Respondent.


ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS


The Petitioner, Henry Foster McGuire, Jr.,[1] filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255.[2] (Docket Entry ("D.E.") 1, 4.)[3] For the following reasons, the Petition is DENIED.

BACKGROUND

In January 2017, a federal grand jury sitting in the Western District of Tennessee charged McGuire with seven counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 1 through 7) and one count of knowingly possessing a machine gun in violation

---

[1]The Court will refer to McGuire as "the Defendant" in its discussion of his criminal cases.

[2]The Petition is comprised of McGuire's initial § 2255 motion (D.E. 1) and two supplemental claims (D.E. 4).

[3]Unless otherwise noted, record citations are to documents filed in the present case.

of 18 U.S.C. §§ 922(o) and 924(a)(2) (Count 8) (the "Tennessee Case").   (*United States v. McGuire*, No. 1:17-cr-10010-JDB-1 (W.D. Tenn. ) ("No. 1:17-cr-10010-JDB-1"), D.E. 2.)

At the time he was charged in this district, Defendant was also under indictment in the District of Idaho (the "Idaho Case")  (*United States v. McGuire*, No. 1:16-cr-00054-BLW (D. Idaho), D.E. 1.)  In that case, McGuire was charged with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1), possession of heroin with intent to distribute in contravention of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2), possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 3), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4), and being a felon in possession of a firearm in contravention of 18 U.S.C. § 922(g)(1) (Count 5). (*See United States v. McGuire*, No. 1:17-cr-10071-JDB-1 (W.D. Tenn.) ("No. 1:17-cr-10071-JDB-1"), D.E. 1-1.)

On August 3, 2017, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the Idaho Case was transferred to this district and consolidated with the Tennessee Case for the purpose of the entry of guilty pleas in both cases and sentencing.  (*Id.*, D.E. 1.)  That same day, the parties entered into a plea agreement in each case.  By those documents, McGuire agreed to plead guilty to all eight counts in the Tennessee Case and to Counts 1 and 4 in the Idaho Case, and to waive his appeal rights.  In the Idaho Case, he also agreed to waive his right to bring a collateral attack under § 2255, with the exception of ineffective-assistance claims, and "agree[d] that the court may consider 'relevant conduct' in determining a sentence pursuant to USSG § 1B1.3." (*Id.*, D.E. 3 at PageID 20.)  For its part, the Government agreed to dismiss all remaining counts in the Idaho Case, recommend a reduction in offense level in each case pursuant to the United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G.") for Defendant's

acceptance of responsibility, and recommend that the sentences in each case be run concurrently with each other. The Court conducted a plea hearing, at which McGuire entered guilty pleas in both cases pursuant to the plea agreements. (*Id.*, D.E. 2, 32.)

In anticipation of sentencing, the United States Probation Office prepared a presentence report relating to both cases (the "PSR"). (*Id.*, D.E. 10.) The PSR recommended an advisory Guidelines' imprisonment range of 262 to 327 months. In the Tennessee Case, the undersigned sentenced Defendant to 120 months' incarceration on each of Counts 1 through 8 to be served concurrently with each other and concurrently with the sentence in the Idaho Case. (No. 1:17-cr-10010-JDB-1, D.E. 73.) In the Idaho Case, the undersigned sentenced McGuire to a custodial term of 180 months on Count 1 and sixty months on Count 4, to be served consecutively to each other and concurrently with the sentence in the Tennessee Case, for an effective sentence of 240 months. (No. 1:17-cr-10071-JDB-1, D.E. 12.) Defendant received an effective term of supervised release of eight years. (*Id.*, D.E. 12.) McGuire filed notices of appeal in both cases, but he subsequently voluntarily dismissed the appeals. (*United States v. McGuire*, Nos. 17-6337/17-6338, D.E. 16 (6th Cir. Jan. 5, 2018)).

DISCUSSION

Liberally construed, the Petition asserts the following claims:[4] McGuire's guilty pleas were unknowing and involuntary due to the ineffective assistance of counsel (Claim 1); the search of Petitioner's vehicle was unconstitutional (Claim 2); counsel rendered ineffective assistance by failing to file a motion to suppress the fruits of the vehicle search (Claim 3); the "§ 924(e) enhancement" should be vacated "due to *Sessions v. Dimaya*[, 138 S. Ct. 1204 (2018)], (Claim 4)

---

[4]The Court has renumbered and reorganized the claims for ease of discussion.

(D.E. 4 at PageID 16); and the § 924(c) conviction should also be vacated pursuant to *Dimaya* (Claim 5).[5]

The Government maintains that Petitioner is not entitled to relief on any of his claims, arguing that the claims are, variously, barred by the collateral-rights waiver, not properly before the Court pursuant to *Tollett v. Henderson*, 411 U.S. 258 (1973), not adequately supported by specific factual allegations, or inapposite to Petitioner's circumstances.[6]

I.      Legal Standards.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either:   (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  For a petitioner "to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, No. 97-6118, 1998 WL 399620, at *1 (6th Cir., June 11, 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. [1993]) (per curiam)).

---

[5]In his reply, the inmate insists that his initial motion presented a claim that his "attorney refused to do a[] direct appeal even after Petitioner repeatedly asked for one."  (D.E. 22 at PageID 78.)  The initial motion does not set forth such a claim and new claims asserted for the first time in a reply will not be considered. *See United States v. Pineda-Parada*, No. 5:13-cv-07309-JMH-HAI, 2014 WL 7405700, at *4 (E.D. Ky. Dec. 30, 2014) (§ 2255 petitioner's arguments were waived because they were first asserted in his reply) (citing *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)).

[6]Because the Court agrees with Respondent that *Tollett* forecloses certain claims, *see infra*, the Court does not address the Government's collateral-rights-waiver argument.

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his

Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a §

2255 proceeding.  *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Such a claim is

controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Id.* at 966.

To succeed on an ineffective-assistance claim, a petitioner must demonstrate two elements:  (1)

"that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the

defense."  *Strickland*, 466 U.S. at 687.  "The benchmark for judging any claim of ineffectiveness

must be whether counsel's conduct so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation

fell below an objective standard of reasonableness."  *Id.* at 688.  A court considering a claim of

ineffective assistance must apply "a strong presumption" that the attorney's representation was

"within the wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action might be considered sound

trial strategy."  *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at

694.  "A reasonable probability is a probability sufficient to undermine confidence in the

outcome."  *Id.* "It is not enough 'to show that the errors had some conceivable effect on the

outcome of the proceeding.'"  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*,

466 U.S. at 693).  Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a

fair trial, a trial whose result is reliable.'"  *Id.* (quoting *Strickland*, 466 U.S. at 687).

II.     Claim 1.

Petitioner contends that his guilty plea in the Idaho Case was not knowing and voluntary

due to the ineffective assistance of counsel.  He alleges, specifically, that counsel failed to review

with him "the part of the plea agreement on the relevant conduct, so that the Judge had to recess

to look up the relevant conduct law in his chambers, which the attorney should have had ready

before [the] Court appearance," and that counsel did not advise him "that the plea agreement

waived [his] right to a § 2255 under normal conditions."[7]  (D.E. 1 at PageID 5.)  The claim is

belied by the record.

"A guilty plea is valid only if the defendant knowingly, intelligently, and voluntarily

waives the many constitutional rights associated with a criminal trial . . . and has 'sufficient

awareness of the relevant circumstances and likely consequences' of the plea."  *United States v.*

*Taylor*, 281 F. App'x 467, 469 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969),

and quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  "At a minimum, the defendant

must understand the 'critical' or 'essential' elements of the offense to which he or she pleads

guilty."  *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley v. United States*,

523 U.S. 614, 618-19 (1998)).

*Strickland*'s two-part test applies to a claim that counsel was ineffective at the plea stage

of the criminal proceedings.  *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018).

"Where . . . a defendant is represented by counsel during the plea process and enters his plea upon

the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was

---

[7]The plea hearing transcript does not show that the Court recessed at any time during that
proceeding.  The Court assumes that Petitioner has confused the sentencing hearing with the plea
hearing.  Nevertheless, the Court believes McGuire's argument to be that his plea was not knowing
and voluntary due to the ineffective assistance of counsel at the plea stage.

within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  A petitioner demonstrates prejudice in the plea context by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.  Because "[t]he standard for prejudice in this context is objective," the petitioner must show "'that a decision to reject the plea bargain would have been rational under the circumstances.'" *Moore v. United States*, 676 F. App'x 383, 386 (6th Cir. 2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

At the start of the change of plea hearing, the undersigned told McGuire, "If there is anything I ask you that you do not understand or wish to consult with your attorney, Mr. Thomas, would you let me know, sir?"  (No. 1:17-cr-10071-JDB-1, D.E. 32 at PageID 208.)  Petitioner responded, "Yes, sir." (*Id.*, D.E. 32 at PageID 208.)  Defendant affirmed that he understood that he was "under oath" and that the Court would therefore "assume the answers [he was] going to give . . . w[ould] be truthful." (*Id.*, D.E. 32 at PageID 208-09.)  The undersigned asked McGuire, "Now have you had sufficient opportunity to discuss this matter with your attorney, Mr. Thomas?" (*Id.*, D.E. 32 at PageID 209.)  Defendant responded, "Yes, I have, sir." (*Id.*, D.E. 32 at PageID 209.)  He further answered "Yes, I am" to the question "Are you satisfied with [counsel's] advice and representation given to you in this case?" (*Id.*, D.E. 32 at PageID 209.)  After being advised of the rights he was giving up by pleading guilty, he stated that he understood, and he confirmed that it was "still [his] intention to enter a plea of guilty to the charges[.]" (*Id.*, D.E. 32 at PageID 212.)  The undersigned read the counts to which Defendant was pleading guilty and advised him of the potential penalties.  Defendant represented that he understood.

McGuire was shown the plea agreements and affirmed that the "signatures on each of those documents" were his.  (*Id.*, D.E. 32 at PageID 222.)  He responded "Yes, sir" to the question "Mr. McGuire, did you sign each of these documents, following your review of them with your attorney freely and voluntarily, sir?"  (*Id.*, D.E. 32 at PageID 222-23.)  After the prosecutor read each plea agreement, the Court asked the Defendant if he understood and agreed to the terms and he acknowledged that he did.  The undersigned asked Defendant whether he and counsel had "discussed generally the application of what is called the United States Sentencing Guidelines to [his] case," and McGuire answered "Yes, sir."  (*Id.*, D.E. 32 at PageID 243.)  He affirmed that he was pleading guilty because he was "in fact, guilty of th[e] offenses[.]"  (*Id.*, D.E. 32 at PageID 248.)  The undersigned found that the Defendant was "freely and voluntarily pleading guilty to the charges[.]"  (*Id.*, D.E. 32 at PageID 248.)  McGuire responded "No.  I just thank you, sir" when asked "Do you have any questions about what the Court has been over with this morning?"  (*Id.*, D.E. 32 at PageID 249.)

Petitioner's allegations in the present matter that his attorney did not review with him the relevant-conduct provision of the plea agreement in the Idaho Case or tell him that he was waiving his right to bring claims on collateral review are contrary to his in-court representations.  As shown by the plea hearing transcript, McGuire affirmed, under oath, that counsel reviewed the plea agreements with him and that he understood the terms of the agreements and the many constitutional rights he was waiving.  The inmate's in-court "representations . . . as well as [the] findings made by the [the Court in] accepting the plea, constitute a formidable barrier" to § 2255 relief, which Petitioner has not overcome.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also Craig v. United States*, No. 2:08-CV-56, 2011 WL 864359, at *6 (E.D. Tenn. Mar. 10, 2011) ("[T]he transcript of the change of plea hearing confirms the knowing and voluntary nature

of the waiver."), *aff'd* 513 F. App'x 487 (6th Cir. 2013).  McGuire's guilty pleas were, as the Court

found at the change of plea hearing, knowing and voluntary.  Claim 1 is therefore without merit.

Claim 1 is also without foundation for the additional reason that no prejudice resulted from

counsel's alleged deficient performance.  Petitioner has not alleged, let alone established, that but

for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and

would have insisted on going to trial.  Indeed, had McGuire proceeded to trial in the Idaho Case,

he would have lost the Government's promise to dismiss Counts 2, 3, and 5.  More broadly, he

would have forgone the benefits of the plea deal in the Tennessee Case, as that deal was part of a

global resolution of both cases.  A decision to proceed to trial would not have been rational under

these circumstances.  Claim 1 is therefore DENIED.

III.    Claims 2 and 3.

In Claim 2, Petitioner challenges the search of his vehicle during the traffic stop in Idaho,

arguing that there was no "basis for a drug-sniffing dog being set upon [his] vehicle."  (D.E. 1 at

PageID 5.)  He points out that the traffic stop involved a minor moving violation and he alleges

that he "was not then on any type of parole or probation[;] . . . had a valid driver[']s license,

registration, and insurance[; and] had not been drinking."  (*Id.*)  The inmate asserts in Claim 3 that

counsel rendered ineffective assistance by failing to file a motion to suppress the evidence

discovered during the search.

Respondent argues that, pursuant to *Tollett*, Petitioner forfeited both claims when he

pleaded guilty.  The Government maintains, alternatively, that counsel did not render ineffective

assistance by failing to move to suppress the fruits of the search because Petitioner has not

presented grounds upon which counsel could have pursued a suppression motion.  Respondent's

arguments are well-taken.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . U.S. Const. amend. IV.  "A seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).  However, "[b]ecause addressing the infraction is the purpose of the stop, it may last no longer than is necessary to effectuate that purpose." *Id.* (brackets and internal quotation marks omitted).  The use of a drug-sniffing dog during a stop for a traffic violation violates the Fourth Amendment if doing so prolongs the stop beyond the time it takes the officers to complete the measures related to the traffic violation and the officers do not have reasonable suspicion to prolong the stop. *Id.* at 356-58.

"A single, serious error may support a claim of ineffective assistance of counsel." *Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)) (brackets omitted).  "Such an error can flow from a failure to file a plainly meritorious motion to suppress." *Id.* (citing *Kimmelman*, 477 U.S. at 375, 385).  "But the failure to file a meritorious suppression motion does not constitute *per se* ineffective assistance of counsel." *Id.* (quoting *Kimmelman*, 477 U.S. at 384) (brackets and internal quotation marks omitted).  "For such a failure to constitute deficient performance, the meritorious nature of the motion must be so plain that no competent attorney would think a motion to suppress would have failed." *Id.* (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)) (internal quotation marks omitted).

"It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea." *Cunningham v. Winn*, Case No. 15-cv-13049, 2017 WL 1245108, at *5 (E.D. Mich. Apr. 5, 2017) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett,* 411 U.S. at 267).  "When a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267.  Among the constitutional defects that may be forfeited are Fourth Amendment challenges and claims that trial counsel was ineffective for failing to file a suppression motion.  *See United States v. Bogle*, No. 21-3746, 2023 WL 110722, at *2 (6th Cir. Jan. 5, 2023) ("[B]y pleading guilty, [defendant] forfeited his Fourth Amendment grounds to appeal the admissibility of the evidence."); *United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) (claim that counsel provided ineffective assistance by failing to move to suppress evidence obtained pursuant to search was foreclosed by guilty plea).

As discussed above, McGuire's guilty pleas were knowing and voluntary.  Claims 2 and 3 allege the deprivation of Petitioner's constitutional rights relating to events that occurred prior to entry of his pleas.  The prisoner therefore forfeited those claims when he pleaded guilty.

Even if the claims were properly before the Court, Petitioner has not alleged facts that would suggest that the officers' use of a drug-sniffing dog was illegal.  McGuire does not maintain that the officers did not have probable cause to stop his vehicle for a moving violation.  He therefore must present specific allegations to suggest that the officers prolonged the legal traffic stop beyond the time it took for them to undertake measures related to the traffic violation and that they did not have reasonable suspicion to prolong the stop.  *See Rodriguez*, 575 U.S. at 356-58. He has not done so.  More to the point, Petitioner's allegations that he was not on probation or parole at the time of the stop; had not been drinking; and had a valid driver's license, registration, and insurance, do not answer those questions.  The inmate therefore has not shown that a motion to suppress would have been meritorious.

11

Claims 2 and 3 are DISMISSED as having been forfeited by Petitioner's guilty pleas.

Alternatively, the claims are without merit.

IV.    Claim 4.

Petitioner posits in Claim 4 that his § 924(c) conviction must be vacated because, post-

*Dimaya*, the predicate offense "is not a crime of violence[.]"  (D.E. 4 at PageID 16.)  Respondent

argues that the reasoning in *Dimaya* has no application to his § 924(c) conviction.

The firearm statute under which Petitioner was convicted provides in pertinent part that,

[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, *during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence, "only one part of

which need apply."  *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017).  "First, a

crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of

physical force against the person or property of another.'"  *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)).

This is known as the "use-of-force clause."  *United States v. Camp*, 903 F.3d 594, 597 (6th Cir.

2018).  "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that

physical force against the person or property of another may be used in the course of committing

the offense.'"  *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)).  This language

is referred to as the statute's "residual clause."  *Camp*, 903 F.3d at 597 n.2.

In *Dimaya*, the United States Supreme Court held that the residual clause in 18 U.S.C. §

16(b)'s definition of "crime of violence" is void for vagueness.  *See Dimaya*, 138 S. Ct. at 1214-

16.  Subsequent to *Dimaya*, the Supreme Court announced in *United States v. Davis*, 139 S. Ct.

2319 (2019), that the "almost identical" wording in the residual clause of § 924(c)(3) is likewise

unconstitutionally vague.  *See Davis*, 139 S. Ct. at 2329.

The Supreme Court's ruling in *Dimaya*, as extended in *Davis* to § 924(c)'s residual clause,

is inapposite to Petitioner's circumstances.  More to the point, Petitioner's § 924(c) conviction was

not based on his possession of a firearm in furtherance of a crime of violence, but rather on his

possession of a firearm in furtherance of a controlled substance offense.  Claim 4 is without merit

and is DENIED.

V.      Claim 5.

Petitioner insists that his "§ 924(e) enhancement" should also be vacated "due to" *Dimaya*.

(D.E. 4 at PageID 16.)  The Government maintains that *Dimaya* has no application to Petitioner's

circumstances.  The Court agrees.

The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), provides that a person

who is convicted of being a felon in possession of a firearm and who "has three previous

convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different

from one another . . . shall be . . . imprisoned not less than fifteen years[.]"  18 U.S.C. § 924(e)(1).

As reflected in the PSR, Petitioner did not qualify for an enhanced sentence under the ACCA.  (No.

1:17-cr-10071-JDB-1, D.E. 10 ¶ 82.)  Claim 5 is therefore without foundation and is DENIED.

For the foregoing reasons, the Petition is DENIED.   Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is therefore DENIED.[8]

IT IS SO ORDERED this 7th day of June 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.